**HAI LE HUANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–70884.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 5, 2011.*

Filed April 12, 2011.

Joshua E. Bardavid, Esquire, Law Office of Joshua Bardavid, New York, CA, for Petitioner.

Justin Constantine, Esquire, Regan Hildebrand, John Hogan, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, CAS–District Counsel, Esquire, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Diego, CA, for Respondent.

Before: B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Hai Le Huang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir.2010), and deny the petition for review.

Contrary to Huang's contention that the BIA reviewed de novo whether she demonstrated prima facie eligibility for relief, the BIA explicitly agreed with the IJ's prima facie finding. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002) ("Where ... the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's."). The IJ did not abuse his discretion in denying Huang's motion to reopen because the IJ considered the evidence submitted and acted within his broad discretion in determining Huang did not demonstrate prima facie eligibility for the relief sought. *See Toufighi v. Mukasey*, 538 F.3d 988, 996–97 (9th Cir.2008) (even assuming changed country conditions, the petitioner must demonstrate prima facie eligibility for relief in order to reopen proceedings).

Huang's contention that the agency failed to consider the evidence submitted with the motion to reopen and that the IJ applied improper standards of law in deny-

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing her motion to reopen are belied by the record.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.